UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FERRELL H. J.,

          Plaintiff,

  v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

Case No. C22-5630-SKV

ORDER REVERSING THE COMMISSIONER'S DECISION

Plaintiff seeks review of the ALJ's decision on his application for Disability Insurance Benefits (DIB).  Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff was born in 1971, has at least a high school education, and has a twenty-one year history in the military with combat.  AR 34, 2291.

On February 16, 2016, Plaintiff applied for benefits, alleging disability as of September 1, 2015.[1]  AR 239-40, 2285.  Plaintiff's applications were denied initially and on

---

[1] Plaintiff filed prior DIB applications, including, most recently, in March 2014, for which the ALJ held there was good cause to reopen the application.  AR 277-78, 2286.

reconsideration, and Plaintiff requested a hearing. AR 93-125. After the ALJ conducted a hearing on December 7, 2017, the ALJ issued a decision on June 18, 2018, finding Plaintiff not disabled. AR 13-92. The Appeals Council denied Plaintiff's request for review of the ALJ's decision, and Plaintiff sought judicial review. AR 7-12. The District Court reversed and remanded the case for the ALJ to reconsider several medical opinions pursuant to sentence four of 42 U.S.C. § 405(g). AR 2492-2503.

On remand, a new ALJ held a hearing on September 14, 2021, and, following that hearing, the case was again reassigned to a different ALJ, who held a second hearing on remand on March 2, 2022. AR 2347-2412; AR 2413-55. On April 29, 2022, the ALJ found that Plaintiff was disabled from November 1, 2013, through June 30, 2019. AR 2292.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[2] the ALJ found:

**Step one**: Plaintiff did not engage in substantial gainful activity from November 1, 2013, through June 30, 2019.

**Step two**: Plaintiff had the following severe impairments from November 1, 2013, through June 30, 2019: major depressive disorder, posttraumatic stress disorder ("PTSD"), multiple sclerosis, lumbar spine degenerative disc disease, and status-post left hip surgery.

**Step three**: Plaintiff's depression and PTSD medically equaled the listings from November 1, 2013, through June 30, 2019.[3]

The ALJ, however, subsequently found that Plaintiff's "disability ended in July 2019, the first month after the completion of the trial work period in which [he] engaged in substantial gainful activity." AR 2293. Plaintiff appealed the final decision of the Commissioner to this Court. Dkt. 5.

---

[2] 20 C.F.R. §§ 404.1520, 416.920.

[3] 20 C.F.R. Part 404, Subpart P., App. 1.

ORDER REVERSING THE COMMISSIONER'S
DECISION - 2

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded on other grounds* by 20 C.F.R. § 416.920(a) (citations omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## DISCUSSION

There is one issue presented by this appeal: whether the ALJ failed to apply and/or misapplied the reentitlement period regulations. *See* 20 C.F.R. § 404.1592a.

A.     **Legal Standards**

Social Security Administration ("SSA") regulations set forth the criteria for determining whether a disability continues or ends. *See* 20 C.F.R. § 404.1594. They provide that a "disability can be found to have ended even though medical improvement has not occurred, if [a claimant] can engage in substantial gainful activity." *Id.* However, before the Commissioner determines that an individual is no longer disabled because he is engaged in substantial gainful activity ("SGA"), the Commissioner first considers whether the individual is entitled to a "trial work period." *Id.* § 404.1594(d)(5). A "trial work period" is a period of nine months – which need not be consecutive – in which an individual may test his ability to work and still be considered disabled. *Id.* § 404.1592(a).

A "reentitlement period" commences the month immediately following a disabled claimant's ninth month of trial work, and ends "the last day of the 36th month following the end of [the claimant's] trial work period." *Id.* § 404.1592a(b); *see also Geschke v. Astrue,* No. C08-0323-MAT, 2008 WL 11389578, at *8 (W.D. Wash. Sept. 18, 2008), *aff'd*, 393 F. App'x 470 (9th Cir. 2010) (explaining trial work and reentitlement periods). Unlike the trial work period, if a beneficiary works during the reentitlement period, the Commissioner may decide that the beneficiary's disability has ceased because the beneficiary is engaged in substantial gainful activity. *See* 20 C.F.R. § 404.1592a(a)(1) (clarifying that "[t]he first time [claimant] work[s] after the end of [his] trial work period and engage[s] in substantial gainful activity, [the SSA] will find that [his] disability has ceased").[4] However, even if the SSA determines that a claimant's disability "ceased" because the claimant engaged in SGA during the reentitlement

---

[4] This first time in which the individual works after the trial work period and in the reentitlement period, the Commissioner considers all relevant factors to determine whether the work is substantial gainful activity, including "unsuccessful work attempts." 20 C.F.R. § 404.1592a(a)(1).

1  period, the claimant may nevertheless again receive benefits if they subsequently "stop doing substantial gainful activity in a month during the reentitlement period."[5]  *Id.* § 404.1592a(a)(2)(i).

The claimant need not file a new application if they stop performing SGA in subsequent months during the reentitlement period; instead, the SSA will simply start paying benefits again. *Id.* § 404.1592a(a).  Furthermore, while the payment of benefits to a claimant may "cease" during the thirty-six month reentitlement period, a claimant's "entitlement to disability benefits" does not "terminate" until after the end of the entitlement period.  *Id.* § 404.1592a(a)(3)(i). Notably, the governing regulation provides that the termination of a claimant's entitlement to disability benefits occurs "in the first month in which [the claimant] engaged in [SGA] *after the end of the reentitlement period.*"  *Id.* (emphasis added).

**B.     Analysis**

Here, the ALJ found that Plaintiff, while disabled, engaged in "services" that commenced his trial work period from September-November 2018, for a total of three months, after which Plaintiff took a break until January 2019.  AR 2292.  Plaintiff recommenced work in January 2019, and the ALJ concluded that Plaintiff's trial work period subsequently ended June 2019, after he had worked for nine non-consecutive months.  AR 2292; 20 C.F.R. § 404.1592(a). Plaintiff does not dispute the ALJ's findings regarding the trial work period.

Instead, Plaintiff contends the ALJ erred both in concluding that his "disability ended" on July 1, 2019, following the completion of his trial work period, and that Plaintiff "has not

---

[5] After the first time a claimant's benefits are stopped during the reentitlement period, in order determine whether the individual engages in substantial gainful activity in any given month, the Commissioner need only consider the claimant's work and earnings for that month, and need not consider whether this work was an unsuccessful work attempt.  *See* 20 C.F.R. § 404.1592a(a)(2)(i).

ORDER REVERSING THE COMMISSIONER'S
DECISION - 5

become disabled again since that date." *See* AR 2293.  Plaintiff argues that the ALJ erred in so finding because the ALJ failed to properly apply the requisite reentitlement regulation, 20 C.F.R. § 404.1592a, which takes effect following the expiration of the nine-month trial work period.  Dkt. 11 at 3-4.  Plaintiff contends that he stopped working during his reentitlement period at the end of 2020, and that he was, therefore, entitled to disability benefits from the end of 2020 until the expiration of his reentitlement period on June 30, 2022, and requests that the Court remand for an award of benefits for this time period.[6]  Dkt. 11 at 4-6.

The Commissioner counters that reentitlement was not at issue before the ALJ because the ALJ awarded a closed period of benefits, having determined that Plaintiff's disability ended on July 1, 2019 following the completion of his trial work period.  Dkt. 16 at 4-6 & n.6; AR 2293.  The Commissioner further argues that Plaintiff's SGA "after completion of his trial work period. . . [was] alone, sufficient reason for the ALJ to find that his disability ended."  Dkt. 16 at 7 (citing 20 C.F.R. § 404.1594(d)(5)).   As such, the Commissioner argues that Plaintiff was "not automatically entitled to a reentitlement period," but instead needed to file a separate request for reinstatement of his benefit eligibility.  Dkt. 16 at 4-6 & n.6, 7.  In sum, the Commissioner's argument essentially appears to be that Plaintiff was not entitled to an extended period of eligibility under the reentitlement regulation because the ALJ properly determined that his disability ended June 30, 2019, due to Plaintiff's performance of SGA following the expiration of the trial work period, and that the ALJ's finding thereby triggered a termination in his disability benefits.

---

[6] Assuming Plaintiff was entitled to a "reentitlement period" in this case, it would have begun the month immediately following Plaintiff's ninth month of trial work, which in this case would have been July 1, 2019, and would have ended June 30, 2022, more than two months after the ALJ's April 2022 decision.  *See* 20 C.F.R. § 404.1592a(b).

ORDER REVERSING THE COMMISSIONER'S
DECISION - 6

The Court, however, concludes that the record and the ALJ's decision lack sufficient clarity for the Court to render a decision on the merits. In so holding, the Court notes that the Commissioner invites it to broadly interpret the ALJ's determination that Plaintiff's disability "ended" as a factual finding based on other evidence not cited by the ALJ in his decision. *See* AR 2293; Dkt. 16 at 6 (citing to evidence not addressed or cited by the ALJ, including Plaintiff's academic records and medical records). The Court is, however, "constrained to review the reasons the ALJ asserts," and, here, the ALJ asserted none. *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015); *see also Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (stating that the court "review[s] only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely").

The ALJ here made no explicit factual findings to support the July 1, 2019 disability end date beyond the ALJ's related determination that Plaintiff's trial work period concluded on June 30, 2019. *See* AR 2291-93. As such, it appears that the ALJ chose the July 1, 2019 end date for Plaintiff's closed period of benefits based solely on the completion of Plaintiff's trial work period and his performance of SGA. The ALJ neither addressed nor explained whether Plaintiff qualified for an additional thirty-six month period to test his ability to work under the reentitlement regulation, 20 C.F.R. § 404.1592a. *See* AR 2292-93.

Given this lack of clarity, the Court remands to the Commissioner to address the issues listed below. *See Brown-Hunter,* 806 F.3d at 492 (Social Security Administration "[must] set forth the reasoning behind its decisions in a way that allows for meaningful review."). In doing so, the Court acknowledges the Commissioner's argument that an ALJ "has no involvement" in a reentitlement claim. Dkt. 16 at 5. However, the Commissioner did not cite to any legal authority or otherwise in support, and the Court is unable to ascertain support for the proposition in the

controlling regulations.  Moreover, the Court notes that, contrary to the Commissioner's statement, ALJs have been involved in addressing reentitlement benefits in other cases on point. *See Roam v. Astrue,* No. C07-5662KLS, 2008 WL 4181680, at *2 (W.D. Wash. Sept. 4, 2008)(noting ALJ's holding that "benefits were due during the reentitlement period"); *Galanos v. Astrue,* No. 3:10-CV-05849-JCS, 2013 WL 1365901, at *7 (N.D. Cal. Apr. 3, 2013) (noting that "ALJ found that following the completion of the trial work period, Plaintiff was engaged in substantial gainful activity in the reentitlement period");  *see also, e.g., Varney v. Astrue,* No. CIV. 09-3105-KI, 2011 WL 1527362, at *4 (D. Or. Apr. 20, 2011) (holding that the ALJ erred where the "ALJ neglected to make any findings as to whether [the claimant] met any of the tests for performing SGA during her reentitlement period").  Nevertheless, given the uncertainty, the Court remands *to the Commissioner* to determine the appropriate person, entity, or "effectuating component" – whether it is the ALJ or otherwise – to address the below issues on remand.

      1.      The Commissioner is required to make a finding as to whether Plaintiff qualified for an extended period of eligibility to test his ability to work following the completion of the trial work period in June 2019 under the reentitlement regulation, 20 C.F.R. § 404.1592a.[7]

           a.      To the extent that the Commissioner concludes that Plaintiff did *not* qualify for an extended period of eligibility under the reentitlement period, the Commissioner is

---

[7] In so ordering, the Court acknowledges that under 20 C.F.R. § 404.1592a(a), a Plaintiff qualifies for reentitlement if they complete a trial work period "and continue to have a disabling impairment."  Section 404.1594(f)(1), upon which the ALJ appears to have relied here (AR 2293), itself references section 404.1594(d)(5), which suggests that the fact that an individual is "currently engaging in substantial gainful activity" is not a factor considered under section 404.1511 when determining whether a beneficiary continues to have a disabling impairment(s) "for purposes of deciding [ ] eligibility for a reentitlement period [under Section 404.1592a]."  20 C.F.R.§ 404.1594(d)(5). Thus, to the extent the ALJ may have deemed Plaintiff ineligible for the reinstatement period based upon Plaintiff's work at an SGA level, such a finding does not appear to be consistent with the Court's understanding of the governing regulations.

ORDER REVERSING THE COMMISSIONER'S
DECISION - 8

required to set for the factual and legal basis for the conclusion with sufficient clarity and specificity to allow for meaningful review.

      b.    To the extent that the Commissioner concludes that Plaintiff *did* qualify for an extended period of eligibility under the reentitlement period, the Commissioner should:

        i.    Specify when the reentitlement period began;

        ii.    when the reentitlement period ended;

        iii.    whether and when Plaintiff's disability "ceased" for purposes of 20 C.F.R. § 404.1592a(a)(1);

        iv.    identify the month(s) for which Plaintiff was entitled to payment of benefits during the applicable reentitlement period; and

        v.    take any and all administrative action necessary to process appropriately Plaintiff's case.

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g) as described above.

Dated this 11th day of May, 2023.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER REVERSING THE COMMISSIONER'S
DECISION - 9